IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEI ZHANG,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES DISTRICT<br>COURT, et al.,<br><br>  Respondents.[1] | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. CIV-26-1022-D

## REPORT AND RECOMMENDATION

Petitioner Lei Zhang, a noncitizen proceeding pro se,[2] seeks a writ of

habeas corpus under 28 U.S.C. § 2241. Doc. 1.[3] United States District Judge

Timothy D. DeGiusti referred the case to the undersigned Magistrate Judge

under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 7,

---

[1] Petitioner's custodian is the warden of the Cimarron Correctional Facility. Doc. 1, at 1. Counsel for the Government did not file a response on the warden's behalf because he is not a federal official. *See* Doc. 7, at 1 n.1.

[2] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). Because Petitioner is proceeding pro se, the Court liberally construes his arguments. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

[3] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

and Petitioner filed a letter, which the Court construes as a reply, Doc. 8. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition and order Respondent to immediately release Petitioner.

## I.     Factual background and Petitioner's claims.

Petitioner is a citizen of the People's Republic of China who entered the United States on August 17, 2024, according to Department of Homeland Security (DHS) records. Doc. 7, Ex. 1, at 1-2. DHS issued a Notice to Appear (NTA) charging Petitioner as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA)[4] and placing him[5] into standard removal proceedings. *Id.* at 2. DHS then released Petitioner from the border into the United States with a pending court date of September 9, 2028. *Id.*

Immigration and Customs Enforcement (ICE) officials "encountered" Petitioner on March 10, 2026, at the Oklahoma County Jail after Oklahoma

---

[4]     This section, codified at 8 U.S.C. § 1182(a)(6)(A)(i), provides that any noncitizen who is "present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

[5]     DHS uses both male and female pronouns to identify Petitioner. As the documentation is unclear, the Court will adopt the male pronoun, acknowledging this could be error. Doc. 7, Ex. 1.

City Police arrested him for petty larceny. *Id.* Ex. 1, at 2. ICE detained him on March 16, 2026, with a notation that he "will remain in custody until next court date." *Id.* Petitioner claims he has filed an application for asylum. Doc. 8.

On May 4, 2026, an Immigration Judge (IJ) ordered his removal, and Petitioner timely appealed.[6] That appeal remains pending.

Petitioner claims in his first ground for relief that ICE officials did not provide him with notice of the reasons for the revocation of his release or grant him an initial informal interview, in violation of 8 C.F.R. § 241.4. Doc. 1, at 7. In his second ground for relief, he claims the Government has not granted him an individualized bond hearing, in violation of INA regulations. *Id.* He seeks his immediate release, or, alternatively, a bond hearing. *Id.* at 8.

## II.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are

---

[6]    *See* https://acis.eoir.justice.gov/en/caseInformation (last visited July 20, 2026).

properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

### III.   Discussion.

#### A.   Petitioner's unsuccessful claim.

The undersigned agrees with Respondents that Petitioner cannot succeed on his claim that ICE violated 8 C.F.R. § 241.4. Doc. 7, at 2-3. This provision comes into play only when a noncitizen has a final order of removal. *See* 8 C.F.R. §§ 241.1; 1241.1. Petitioner's appeal is pending before the Board of Immigration Appeals, so this provision does not apply to him.

#### B.   Section 1226 governs Petitioner's detention.

Liberally construed, Petitioner claims that his ongoing detention without a hearing violates the INA. Doc. 1, at 7; Doc. 8. To the extent that Respondents substantively address Petitioner's argument, they assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. Doc. 7, at 1-2. The undersigned concludes that Petitioner is undergoing § 1226's standard removal process. *See, e.g., Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026) (holding noncitizens like Petitioner "need not" continue to be detained without a bond hearing).

4

Section 1226 governs "the usual removal process." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at \*1 (N.D. Cal. Sept. 12, 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020)). The § 1226 process starts when the Government files an NTA with an immigration court. *Id.* Section 1226 then lets the Government arrest and detain noncitizens or release them on bond or on conditional parole. *Id.* Release is required if the noncitizen can show they are not a danger and will show up at future hearings. *Id.* If detention continues, the noncitizen gets a bond hearing before an IJ. *Id.* To be released, noncitizens must show by a preponderance of the evidence that they are not a security threat, community danger, or flight risk. *Id.*

The initial decision to pursue Petitioner's detention "under § 1226(a) precludes the [G]overnment from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." *Gutierrez v. Chesnut*, 2025 WL 3514495, at \*5 (E.D. Cal. Dec. 8, 2025) (citing *Salcedo Aceros*, 2025 WL 2637503 at \*8). The rule is simple: "Sections 1226(a) and 1225(b) cannot be applied simultaneously." *Salcedo Aceros,* 2025 WL 2637503 at \*8.[7]

---

[7]    Petitioner's request for asylum does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at \*3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at \*1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez v. Warden,*

To release Petitioner, DHS had to determine that Petitioner's release "would not pose a danger to property or persons," and that he was "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). Respondents identify no change in circumstances that required revocation of Petitioner's conditional release. So, he is entitled to release. *See, e.g.*, *Cunha v. Freden*, 165 F.4th 61, 70 (2d Cir. 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens . . . who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

## C.    Remedy.

Habeas is "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). "The typical remedy for such detention is, of course, release." *Id.*; *see also Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."). Federal district courts have broad equitable powers to craft habeas relief. *Burton v. Johnson*,

---

*Fed. Det. Ctr*, 175 F.4th 1258, 1284 (11th Cir. 2026) ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs *before* a § 1229a proceeding even commences." (quoting 8 U.S.C. § 1225(b)(2)(A)).

6

975 F.2d 690, 693 (10th Cir. 1992). District courts have the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243; *see also United States v. Allen*, 139 F.3d 913 (10th Cir. 1998) ("If the imprisonment cannot be shown to conform with the fundamental requirements of law, the individual is entitled to his immediate release.") (quoting *Johnson v. Rogers*, 917 F.2d 1283, 1284 (10th Cir.1990)).

The undersigned finds that Respondents' violation of the INA requires Petitioner's immediate release subject to the same conditions of his earlier release.[8] Numerous courts across the country have ordered immediate release in similar circumstances.[9]

---

[8]   "Many orders in similar cases require that a bond hearing be set in a short period of time with an automatic release if the hearing does not occur. Those cases do not examine the effect of a pending asylum petition or a clear conditional release order under § 1226." *Velasquez Montillo v. Brooksby*, 2026 WL 592355, at *10 (D. Utah Mar. 3, 2026).

[9]   *See Velasquez Montillo,* 2026 WL 592355, at *10 (concluding immediate release was the appropriate remedy where "there has been no notice of a change in circumstances requiring modification of the November 2021 [order of release on recognizance]"); *Vielma Uzcategui v. Brooksby*, 2026 WL 622751, at *13 (D. Utah Mar. 5, 2026) (same as to petitioner ordered released on her own recognizance in September 2023); *Murzi v. Noem*, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) (ordering petitioner's immediate release where petitioner had previously been released on parole).

## IV.   Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant, in part, Petitioner's habeas petition and **order his immediate release.**[10] **The undersigned also recommends that the Court order the Government to certify compliance by filing a status report within ten business days of the Court's order**, and to promptly provide a copy of this order to Counsel for the Warden of the Cimarron Correctional Facility. Finally, the Court should order that the Government cannot re-detain Petitioner without notice and a pre-deprivation hearing before a neutral decision-maker

---

[10]   The Court could determine that a bond hearing is the only necessary remedy. *See, e.g.*, *Santillan Quiroz*, 2026 WL 1876709, at *5 ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."). If so, the undersigned recommends that, given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof at the hearing. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (placing the burden of proof on the Government to justify the petitioner's continued detention (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024))). Having released Petitioner in 2024, the Government ought to bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. *See L.G.*, 744 F. Supp. 3d at 1186 ("In general, the Supreme Court has held that the clear and convincing standard applies to civil detention where liberty is at stake." (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979))).

where the Government bears the burden of proving, by clear and convincing evidence that Petitioner is a flight risk and a danger to the community.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 27, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[11] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[11] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

**ENTERED** this 22nd day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE