**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LEI ZHANG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1022-D |
| | ) | |
| UNITED STATES DISTRICT COURT, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner Lei Zhang filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner challenges his re-detention by the United States Immigration and Custom Enforcement ("ICE") on various grounds, to include Petitioner's claim that ICE failed to follow required procedures when re-detaining him, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226. *Id.* Respondents filed a Response in Opposition. [Doc. No. 7]. The matter was referred to United States Magistrate Judge Suzanne Mitchell, pursuant to 28 U.S.C. § 636(b)(1)(B), (C). [Doc. No. 4].

On July 22, 2026, Judge Mitchell issued a Report and Recommendation ("Report"), in which she recommends that Petitioner be released from custody due to the misapplication of the Immigration and Nationality Act ("INA") when he was re-detained. [Doc. No. 9]. In the alternative, Judge Mitchell recommends that Respondents provide Petitioner with a bond hearing, in which the Government bears the burden of showing by clear and convincing evidence that he is a danger or flight risk. *Id.* On July 24, 2026, Respondents filed an Objection to the Report, asserting that Petitioner is properly detained

under § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. [Doc. No. 11]. Respondents also assert that the Court should limit Petitioner's relief to a bond hearing under § 1226, because his release is not warranted. *Id.* Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In the Report, Judge Mitchell provided the following factual background, which was not contested by the parties. Petitioner is a citizen of the People's Republic of China who entered the United States on August 17, 2024. [Doc. No. 9, at p. 2]. The Department of Homeland Security ("DHS") issued him a Notice to Appear charging him as removable under § 212(a)(6)(A)(i) of the INA and placed him in removal proceedings. *Id.* Petitioner was then released into the United States. *Id.*

On March 10, 2026, ICE officials encountered Petitioner at the Oklahoma County Jail after he was arrested for petty larceny. *Id.* at p. 2-3. On March 16, 2026, ICE re-detained Petitioner. *Id.* at p. 3. On May 4, 2026, an immigration judge ordered his removal, and Petitioner appealed, which is pending. *Id.*

In the Report, Judge Mitchell concluded and the Court agrees that Petitioner cannot succeed on his claim that ICE violated 8 C.F.R § 241.4 when he was re-detained because he did not have a final order of removal. *Id.* at p. 4.

Additionally, Judge Mitchell determined and the Court agrees that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(2)(A). However, the Court agrees with

Respondents that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Moreover, the Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to the evidentiary framework."); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED in part**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS SO ORDERED** this 11th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE